IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: KRISTIN L. LEO **Debtor(s)** | ))) |
| HYUNDAI CAPITAL AMERICA d/b/a KIA MOTORS FINANCE **Moving Party** | CHAPTER 13)) Case No.: 25-12780 (DJB))) |
| v. | ) Hearing Date: 10-9-25 at 11:00 AM) |
| KRISTIN L. LEO **Respondent(s)** | )) 11 U.S.C. 362) |
| KENNETH E. WEST **Trustee** | )))) |

## STIPULATION OF SETTLEMENT OF MOTION OF HYUNDAI CAPITAL AMERICA d/b/a KIA MOTORS FINANCE FOR RELIEF FROM THE AUTOMATIC STAY

This matter having been brought before the Court on a Motion For Relief From Automatic Stay by William E. Craig, Esquire, attorney for Hyundai Capital America d/b/a Kia Motors Finance ("Kia"), and the Debtor having opposed such Motion through her counsel, Brad J. Sadek, Esquire, and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

**IT IS STIPULATED:**

1. That Kia is the holder of a first purchase money security interest encumbering a 2023 Kia Sportage bearing vehicle identification number 5XYK6CAF1PG060577.

2. That the Debtor is to pay Kia's claim for the vehicle through her Chapter 13 Plan.

3. That the Debtor agrees to pay Kia the replacement value of the vehicle of $30,325.00 plus interest at the rate of 9.5% through her Bankruptcy Plan.

4. That commencing October 2025, the Debtor agrees to allow the Chapter 13 Trustee to make monthly adequate protection payments to Kia in the amount of $300.00 up to confirmation. Thereafter, the Trustee shall make the payments to Kia as provided for by the confirmed plan.

<u>The Debtor shall receive a credit for all adequate protection payments made against the total amount to be received by Kia through the plan</u>.

5. That commencing October 2025 if the Debtor fails to make any payment to the Chapter 13 Trustee within thirty (30) days after it falls due, Hyundai may send, via electronic mail to Debtor's attorney and regular mail to the Debtor, written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

6. That the Debtor must maintain insurance on the vehicle. The vehicle must have full comprehensive and collision coverage with deductibles not exceeding $500.00 each. Kia Motors Finance must be listed as loss payee. If the Debtor fails to maintain valid insurance, Kia may send, via electronic mail to Debtor's attorney and regular mail to the Debtor, written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

7. That Kia shall retain its lien on the vehicle until the earlier of payment of the underlying debt under non-bankruptcy law or the Debtor receiving a discharge.

8. That if the Debtor's Chapter 13 case dismisses or converts this Stipulation shall be vacated and the Debtor shall owe Kia the full amount of the existing contractual loan balance **less** any payments Kia receives under this agreement.

9. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ Brad J. Sadek
Brad J. Sadek, Esquire
Attorney for the Debtor


/s/ William E. Craig
William E. Craig, Esquire
Attorney for Hyundai Capital America
d/b/a Kia Motors Finance

No Objection  - Without Prejudice to Any Trustee Rights or Remedies
/s/ LeeAne O. Huggins

LeeAne Huggins
For Kenneth E. West
Chapter 13 Standing Trustee