**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| In re:<br><br>      Kristin L. Leo,<br><br>                Debtor. | Case No. 25-12780-djb<br><br>Chapter 13 |

**Debtor's Motion to Incur Debt to Finance Purchase of 2026 Subaru Crosstrek and to Surrender 2023 Kia Sportage**

**AND NOW**, Debtor Kristin L. Leo, through her attorney, moves for the entry of an order authorizing her to incur post-petition debt to finance the purchase of a new car and providing for immediate surrender of her old car.

**I.     Jurisdiction**

1. The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

3. The Debtor consents to the entry of a final order by the Court.

4. Venue is proper under 28 U.S.C. § 1409.

**II.    Background**

    **A.     The Bankruptcy Case**

5. The Debtor initiated this case by voluntarily petitioning for relief under chapter 13 on July 11, 2025.

6. Kenneth E. West is the chapter 13 standing Trustee assigned to this case.

7. The Debtor has filed a Plan, but it has not yet been confirmed. A hearing to consider confirmation is scheduled for February 19, 2026.

**B.    The Old Car**

8.    On or about October 19, 2022, the Debtor entered into a retail installment contract (the "Old Loan") for purchase of a 2023 Kia Sportage, VIN 5XYK6CAF1PG060577 (the "Old Car") in the amount of $56,936.33. The contract was assigned to Hyundai Capital America d/b/a Kia Motors Finance (the "Creditor"), and the Debtor remains indebted under its terms.

9.    The Debtor has retained possession of the Old Car at all times since filing the petition.

10.    On July 15, 2025, the Creditor filed a proof of claim for the Old Loan in the amount of $40,559.31, which alleges that the amount necessary to cure any default as of the date of the petition is $21,434.92.

11.    The original Plan called for the Trustee to make curative payments to the Creditor and for the Debtor to make direct monthly payments of $673.19 to the Creditor each month beginning on July 21, 2025.

12.    On August 7, 2025, the Creditor filed a motion for relief from the automatic stay alleging that (i) the Debtor had failed to make post-petition payments on the Old Loan when due and (ii) that Creditor lacked adequate protection of its interest in the Old Car based on an estimated value of $30,325.00.

13.    The Debtor and the Creditor entered into a stipulation of settlement and agreed that (i) the Debtor would pay the Creditor the replacement value of the vehicle of $30,325.00 plus interest at the rate of 9.5% through the Plan, and (ii) the Trustee would distribute adequate protection payments of $300 per month to the Creditor until confirmation of the Plan. The Court approved the stipulation on October 27, 2025.

14. On January 19, 2026, the Debtor filed a first amended Plan that provided for surrender of the Old Car to the Creditor upon confirmation of the Plan. The Debtor decided to surrender the Old Car because payment to the Creditor through the Plan would be cost prohibitive, and because the Old Car needs new tires and brakes that would cost several thousand dollars.

**C.    The New Car**

15. The Debtor has entered into a purchase agreement with Piazza Subaru of Limerick for purchase of a 2026 Subaru Crosstrek, VIN JF2GUSGD9T8222583 (the "New Car") for consideration in the total amount of $35,502.17. Exhibit A.

16. Matthew Buck has gifted her $20,000 to be used as a down payment on the New Car. Exhibit B.

**III.    Requested Relief**

17. A third-party lender has approved the Debtor for a loan secured by the New Car in the principal amount of $15,597 for a term of seventy-two months with interest of 15.17%, which will require the Debtor to make monthly payments of $331.30 to that lender (the "New Loan").

18. To facilitate the purchase of the New Car, the Debtor requests that the Court enter an order (i) authorizing the Debtor to enter into the New Loan and (ii) allowing for immediate surrender of the Old Car.

**IV.    Grounds for Relief**

19. Approval of the New Loan is necessary under the Bankruptcy Code. See, e.g., 11 U.S.C. § 364.

20. Immediate termination of the automatic stay to provide for surrender of the Old Car is appropriate because there is no equity in the Old Car and it is unnecessary for an effective reorganization. 11 U.S.C. § 362(d); Fed R. Bankr. P. 4001(a)(1).

**FOR THOSE REASONS,** the Debtor asks the Court to grant relief in the form of order attached, and further in her favor if necessary and proper under the law.

Date: February 12, 2026

**SADEK LAW OFFICES LLC**
*Attorney for Debtor*

By: /s/ Brad J. Sadek
    Brad J. Sadek
    1500 JFK Blvd., Suite 220
    Philadelphia, PA 19102
    215-545-0008
    brad@sadeklaw.com